IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRY LYNN SAYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-117-E |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 31st day of August, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]  Plaintiff raises two arguments as to why she believes that the Administrative Law Judge ("ALJ") erred in finding her not to be disabled. She first argues that the requirements of two of the jobs the ALJ found her capable of performing – ticket taker and cashier II – are inconsistent with the reaching, handling, and fingering restrictions contained in her residual functional capacity ("RFC") as formulated by the ALJ. Second, she contends that her limitation to occasional stair-climbing is inconsistent with the third job – usher – the ALJ found her capable of performing. Because the Court finds no merit in Plaintiff's second argument, it need not make a finding as to her first argument and will affirm.

Plaintiff's argument that her limitation to occasionally climbing stairs eliminated the usher position she was found capable of performing is based on nothing more than her own speculation and characterization of the job. As the Commissioner points out, the *Dictionary of Occupational Titles* ("DOT") does not set forth any requirements for climbing stairs in regard to the usher position. *See* DOT 344.677-014. Likewise, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* indicates that climbing is generally not present in performing the job. The vocational expert ("VE") in this case testified that Plaintiff could perform the job, and no objection to her testimony was raised at the administrative hearing. (R. 51). Plaintiff does not identify or even allege any inconsistency between the VE's testimony and the DOT's description of the position; rather, she simply appeals to common sense and cites a handful of want ads that appear to require significant use of the stairs. However, the Court cannot merely accept Plaintiff's suggestion to assume that constant (or at least frequent) stair-climbing is inherent to the job of usher. As noted, the DOT description of the usher position contains no express requirements regarding the climbing of stairs, and, moreover, Plaintiff is not completely unable to climb stairs; she is merely limited to doing so occasionally. Accordingly, even assuming that some amount of stair-climbing may be involved in ushering, Plaintiff would still not be precluded from performing the job.

The Court can essentially end its analysis there. While the Commissioner bears the burden of demonstrating that the claimant can perform jobs existing in the national economy at the fifth step of the sequential analysis, *see Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014), this burden is satisfied if the ALJ identifies at least one occupation with a significant number of jobs in the national economy that the claimant can perform. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citing 20 C.F.R. §§ 404.1566(b), 416.966(b)). Therefore, a finding that Plaintiff could perform one of the 15,000 usher jobs in the national economy is sufficient to satisfy the Commissioner's burden at Step Five. (R. 51).

As such, the Court need not decide whether there is any unexplained inconsistency between the VE's testimony that Plaintiff could perform the jobs of ticket taker and cashier II despite being limited to occasionally reaching (other than overhead), handling, and fingering with her dominant right hand and the DOT's description of these positions that indicates a need for frequent reaching, handling, and/or fingering. *See* DOT 344.667-010, 211.462-010  The

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

Court, of course, recognizes that, where there is an apparent unresolved conflict between a VE's testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict. *See* SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000); *Zirnsak*, 777 F.3d at 617; *Burns v. Barnhart*, 312 F.3d 113, 127 (3d Cir. 2002). Here, though, the ALJ clearly addressed the fact that, while Plaintiff could only occasionally reach, handle, and finger with her right hand, she could do so frequently with her left hand, in considering whether Plaintiff could perform the positions of ticket taker and cashier II. He specifically raised the issue with the VE at the administrative hearing, as did Plaintiff's counsel. In response to this questioning, the VE explained that, based on her training, knowledge, and experience, the jobs of ticket taker and cashier II could be performed with either hand, particularly given the light weight involved. (R. 51-54). In addition, the ALJ permitted Plaintiff to introduce her own rebuttal vocational evidence (R. 55) and expressly discussed this evidence, and the apparent conflict in general, in his decision at great length. (R. 23-24). Since the Court has found that Plaintiff can still perform the job of usher, it need not determine whether the ALJ's analysis of the VE's explanation and the rebuttal evidence was reasonable, but it does note that, at the very least, it was extensive and comprehensive.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.